JOHN FARLEY *v.* MARTIN FLANAGAN.

The notice of ten days, mentioned in § 399 of the code, is not required to admit an
assignor of a thing in action to be examined as a witness in behalf of any person
deriving title through or from him, unless the action is against an assignee, or an
executor or administrator. (*a*)

The rule that excludes a wife from being a witness, applies only where she can be a
witness for or against her husband, when he is a party to the suit.

Accordingly, where the husband has assigned the thing in action, and has no interest
in the claim, the wife is a competent witness for the assignee, and will be admitted
without notice of her intended examination.

APPEAL from the third district court, where judgment of
nonsuit was entered against the plaintiff. The action was
brought by the assignee of a claim for money lent. The
plaintiff offered the wife of the assignor as a witness. Objec-
tion was made and sustained by the court below. No other·
witness was offered.

*William C. Carpenter*, for appellant.

*J. Baker*, for respondent.

BY THE COURT. INGRAHAM, FIRST J.—In this case the plain-
tiff, who was the assignee of the claim, offered as a witness
the wife of the assignor, who was objected to on the ground

(*a*) NOTE BY REPORTER.—This section was differently construed by the supreme
court, in the fourth district. See *Knickerbocker* v. *Aldrich*, 7 How. Practice Rep.
1. In the case of *Warren* v. *Helmer*, 8 How. Practice Rep. 419, the Cortland coun-
ty court, in an elaborate opinion by Kingsley, county judge, have held that the
provision requiring a notice of ten days, where an assignor is examined, does not
apply to justices' courts.

that ten days' notice had not been given of the plaintiff's intention to examine the assignor, and was excluded by the court. No other witness was offered, and the plaintiff was nonsuited.

The court below erred in excluding the witness.

The rule that excludes a wife from being a witness, only applies where she can be a witness for or against her husband when he is a party to the suit. The reason of this exclusion is, that a contrary rule would lead to a breach of that confidence which should exist between parties in that relation. No such reason can apply to this case. The assignor does not appear to have any interest in the controversy, and either he or his wife was a good witness for the plaintiff.

It was not necessary for the plaintiff to give ten days' notice in this case, before calling the assignor as a witness. The action was not against an assignee, nor against an executor or administrator, and the assignor could have been called as a witness without such a notice. Even if it was, there was no reason or law for requiring such notice before the wife could be examined as a witness. Although the law considers man and wife as one *in some things*, yet when called as witnesses about matters in which they have no interest, they are as much two persons as any other individuals, and either is a perfectly good witness.

Judgment reversed.